IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANIYEL SHABAZZ ABENZUR BEY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:21-cv-00066-X (BT) |
| CHICORY COURT MADISON III LP, | § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiff Daniyel Shabazz Abenzur Bey filed a complaint and motion to proceed *in forma pauperis*. However, he failed to complete and sign the affidavit required to support his motion. Accordingly, the Court should deny Bey's motion for leave to proceed *in forma pauperis* (ECF No. 4) and dismiss his complaint unless he pays the $402.00 filing fee or files a properly supported motion to proceed *in forma pauperis* within 30 days of the filing of this recommendation.

I.

The procedure for a party to bring a lawsuit *in forma pauperis* is set forth in 28 U.S.C. § 1915.  Section 1915 provides that:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, *by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor*. Such affidavit shall state the nature of the

1

> action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1) (emphasis added). The goal of § 1915(a) is to allow access to federal courts for those plaintiffs who lack the financial resources to pay any part of the statutory filing costs. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The Court must examine the financial condition of the applicant to determine whether the payment of fees would "cause undue financial hardship." *Id*. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id*. The court may require a plaintiff to complete a financial affidavit in support of a motion to proceed *in forma pauperis*. *Nottingham v. Warden, Bill Clements Unit,* 837 F.3d 438, 439-40 (5th Cir. 2016).

On January 11, 2021, Bey filed his motion to proceed *in forma pauperis*. (ECF No. 4.) Bey used the AO 239 form, but he failed to provide any of the requested information or sign the affidavit under penalty of perjury. Indeed, all the blanks on the form are entirely empty, and his motion only states, "I wish to proceed pro bono, exercising my 4th amendment protected right not to disclose information about private trust property." Mot. 1 (ECF No. 4). His motion fails to satisfy the requirements of § 1915(a)(1) and therefore should be denied.

Bey appears to be confused about various Latin terms and legal authority. The term "*pro bono*" refers to services that are rendered by a professional, such as a lawyer, for free. Bey is proceeding "*pro se*" in this action, that is without an

2

attorney. A plaintiff may be granted leave to proceed "*in forma pauperis,*" meaning "in the form of a pauper," if he lacks the financial resources to pay the administrative fees and costs associated with filing a lawsuit. The court does not provide professional services to any party and does not charge a professional fee. However, it does charge a $402.00 administrative fee for filing a civil action. The court may waive this fee for Bey, but only if he provides a completed affidavit, signed under penalty of perjury, that demonstrates he lacks the financial resources to pay the fee.

Bey also apparently believes the Fourth Amendment protects him from being required to provide information about his financial condition. The United States Constitution, through the Fourth Amendment, protects people from unreasonable searches and seizures by the government. *See* U.S. Const., Amend. IV. The Fourth Amendment does not provide any protection to Bey under the circumstances presented. And neither does the Fifth Amendment to the United States Constitution, which protects people from being "compelled in any criminal case to be a witness against himself." *See* U.S. Const., Amend. V.

II.

The Court should DENY Bey's motion for leave to proceed *in forma pauperis* and dismiss his complaint without prejudice unless Bey pays the $402.00 filing fee or completes the *in forma pauperis* affidavit and answers the questions under oath, within 30 days of the filing of this recommendation.

3

Signed February 1, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).